UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00125-02<br>CIVIL ACTION NO. 14-0142 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PAULA BRADFORD GINES | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Paula Bradford Gines' ("Gines") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 118). Gines seeks to have her sentence corrected on the grounds that the Government breached its obligations under her plea agreement and ineffective assistance of counsel. For the reasons discussed herein, Gines' Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 27, 2011, a federal grand jury filed charges against Gines and Mario Hublin ("Hublin") in a six-count indictment, alleging that Gines and Hublin had engaged in a conspiracy to obtain monies, funds, and property to which they were not entitled. See Record Doucment 1. The indictment alleged that Gines and Hublin had defrauded Time-It-Lube in Shreveport, Louisiana, by stealing credit card convenience checks and other materials from Time-It-Lube's mailbox and using the information contained therein to defraud Time-It-Lube out of several thousand dollars. See id.

After her arrest and a period of detention, she was released on a $25,000 unsecured bond. See Record Document 35. However, she violated the terms of her release pending trial, and a warrant for her arrest was issued on January 24, 2012. See Record Documents 60-62. She was finally re-arrested on October 2, 2012. See Record

Document 75. On October 31, 2012, Gines pleaded guilty to Count Six of the indictment, Unauthorized Use of Counterfeit Securities. See Record Document 86. On March 8, 2012, the Court sentenced her to 24 months' imprisonment and three years of supervised release. See Record Document 104. On January 29, 2014, Gines filed the instant § 2255 Motion. See Record Document 118.

## LAW AND ANALYSIS

### I. Legal Standards

#### A. Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

**B. Ineffective Assistance of Counsel.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by

the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. Id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome."

Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

In cases in which a defendant has entered a guilty plea, the only question for the court to determine is whether the defendant's decision to plead guilty was voluntary. See United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). A defendant who voluntarily pleads guilty waives all non-jurisdictional defects in the proceedings against him. See id. This waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of defendant's guilty plea. See id. Regardless of defense counsel's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is "no actual and substantial disadvantage to the defense." Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (internal citations and quotations omitted). Sworn statements in "open court during a plea hearing carry a strong presumption of verity." United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995) (internal citations and quotations omitted).

## II.   Analysis

Gines' claims in her § 2255 Motion are that: (1) the Government breached its obligations under her plea agreement that all pending state charges against her would be dismissed; (2) the Government breached these obligations by including her state cases as a two-point enhancement for sentencing; (3) the Government breached these obligations by utilizing two prior charges that were dismissed and were 10 years or older

in calculating her criminal history category; and (4) her counsel was ineffective by failing to "file the proper documents with the states" such that she could have the state charges dropped against her under her plea agreement. Record Document 118 at 4. All of these claims are meritless.

### A. Gines' Claims that the Government Breached Her Plea Agreement

Gines' arguments that the Government breached its obligations under her plea agreement (1) should have been raised on appeal and (2) are meritless. First, these claims are nonconstitutional claims because they merely allege that the Government breached its plea agreement with Gines. Thus, Gines should have raised these issues on direct appeal, but she failed to do so by not appealing her sentence at all. As such, the Court cannot consider them absent a showing of "cause" for her failure to raise these arguments on appeal and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168. Gines' § 2255 Motion makes no attempt to do so. See Record Document 118. Therefore, the Court cannot consider these grounds.

Second, even if the Court did consider the arguments that the Government breached its obligations under the plea agreement, these arguments have no merit. A review of Gines' plea agreement shows that the Government merely agreed to dismiss the remaining counts of the indictment against Gines and refrain from prosecuting Gines from any other offenses based on the investigation that formed the basis of the indictment. See Record Document 86. The Government made no promises related to dropping state charges, as the federal government has no control over whether state district attorneys pursue charges against her. See id. None of the Government's obligations under the plea agreement had anything to do with calculation of her criminal history points by using her

prior convictions. See id. The plea agreement is by its terms the complete plea agreement between Gines and the Government. See id. As such, Gines' claims that the Government breached its obligations under the plea agreement are meritless.

### B. Gines' Ineffective Assistance of Counsel Claim

Unlike with her claims related to the Government's obligations under the plea agreement, Gines is not required to demonstrate "cause" and "actual prejudice" for her failure to raise her ineffective assistance of counsel argument on direct appeal. See Massaro, 538 U.S. at 504. However, Gines' ineffective assistance of counsel argument is also meritless. Gines' entire ineffective assistance of counsel argument is predicated on the false notion that the Government had promised to drop all state charges against her. See Record Document 118 at 4. She argues that her counsel was ineffective because he failed to "file the proper documents with the states" such that she could have the state charges dropped against her under her plea agreement. Id. As the entire premise of her argument is false, the argument has no merit.

### CONCLUSION

Three of Gines' arguments in her § 2255 Motion are procedurally barred because they are non-constitutional, non-jurisdictional arguments that she failed to raise on direct appeal. Even considering the substance of these arguments, they have no merit. Her fourth argument, though not procedurally barred from consideration by the Court, has no merit. Therefore, Gines' § 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

  **THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 6th day of February, 2017.

_____<br>
S. MAURICE HICKS, JR.<br>
UNITED STATES DISTRICT JUDGE